UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HOLLY RUTH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LOWE'S HOME CENTERS, LLC | ) ) ) ) | Case No.: 21-cv-00573
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant"), by and through undersigned counsel, and hereby removes the above-styled case from the Circuit Court of Cass County, State of Missouri, Case No. 21CA-CC00142, to the United States District Court for the Western District of Missouri, Western Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446. This case is being removed to this Court because, based on the allegations Plaintiff Holly Ruth ("Plaintiff") asserts in this action, there is complete diversity between the parties and more than $75,000 is in controversy. As grounds for removal, Lowe's respectfully states as follows:

## INTRODUCTION

1. On July 12, 2021, Plaintiff, a former Lowe's employee, filed a single-count lawsuit, alleging sex discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA"), against Lowe's. The lawsuit is currently pending in the Circuit Court of Cass County, Missouri, as Case No. 21CA-CC00142. That same day, Plaintiff entered her appearance and moved for the appointment of a special process server.

2. The next day, the State Circuit Court issued the Summons for Lowe's in this action, and the assigned Judge, the Honorable R. Michael Wagner, granted the motion for special process server.

3. On July 14, 2021, Plaintiff served Lowe's Home Centers, LLC with the Summons and a copy of her Petition.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complete State Court file is attached hereto as Exhibit 1.

5. As set forth more fully below, this action is one that Lowe's may remove to this Court under 28 U.S.C. § 1441 because Lowe's has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity between the parties and more than $75,000 in controversy.

## TIMELINESS OF REMOVAL

6. This Notice of Removal is timely filed within thirty (30) days after Defendant was served with a copy of Plaintiff's Petition. Defendant has not filed any responsive pleadings in the Circuit Court of Cass County, Missouri prior to filing this Notice of Removal.

7. Thus, this action is timely removed pursuant to 28 U.S.C. § 1446.

## REMOVAL BASED ON DIVERSITY JURISDICTION

8. Removal of this action is proper under 28 U.S.C. §§ 1441(a) and 1332(a) because, upon information and belief, a complete diversity of citizenship exists between Plaintiff and Lowe's, and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship is Satisfied.**

9. As pleaded in the Petition, Plaintiff is a citizen and resident of the State of Missouri. (Ex. 1, Petition at pp. 1–10, ¶ 5.)

10. A limited liability company (LLC) is treated as a partnership for purposes of diversity jurisdiction, and citizenship depends on the citizenship of the LLC's members. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004), citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).

11. Lowe's Home Centers, LLC is a limited liability company, and its sole member is Lowe's Companies, Inc. (Declaration of Grace Ridley ("Ridley Decl."), attached hereto as Exhibit 2, ¶¶ 3-4.)

12. For purposes of removal, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010). The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Id.*

13. Lowe's Companies, Inc. is a North Carolina corporation, and its headquarters – where its high-level officers direct, control, and coordinate the corporation's activities – is located in North Carolina. (Ridley Decl., Ex. 2, ¶¶ 3-4.) Lowe's Companies, Inc. is a citizen of North Carolina.

14. Thus, for removal purposes, Defendant Lowe's Home Centers, LLC is a citizen of the State of North Carolina, not Missouri. *See GMAC Commercial Credit, LLC*, 357 F.3d at 829.

15. Accordingly, the requisite diversity of citizenship between the parties exists. *See* 28 U.S.C. § 1332(c).

**The Amount in Controversy Requirement is Satisfied.**

16. In this action, Plaintiff asserts one cause of action under the MHRA, alleging sex discrimination and retaliation. Specifically, Plaintiff seeks actual damages, including, but not limited to: lost past and future income and employee benefits, humiliation, mental distress, harm to reputation and severe career disruption, plus other pecuniary and non-pecuniary actual damages, prejudgment interest on all actual damages, and attorneys' fees and expenses, all for alleged sex discrimination and retaliation. (Ex. 1, Petition, ¶¶ 70, 73.) Plaintiff additionally seeks punitive damages to "punish Defendant." (*Id.*, ¶ 71.) As set forth below, Plaintiff's allegations establish that there is more than $75,000 at issue in this case, exclusive of interest and costs.[1]

17. Lowe's need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue. *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014).

18. The removing party's burden is one of "pleading" and not one of "proof." *Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 788-89 (8th Cir. 2012). The removing party need not confess liability in order to show that the jurisdictional amount has been met. *Id.* at 789 (citation omitted).

19. In the Eighth Circuit, where a plaintiff's petition fails to allege a specific amount in damages sought, the jurisdictional issue is not whether the pleaded damages are greater than the requisite amount, but "whether a fact finder *might* legally conclude that they are." *See Skoda v.*

---

[1] Lowe's relies on Plaintiff's allegations (and the calculations below) for purposes of establishing the propriety of removal only, subject to and without waiving its position that Plaintiff is not entitled to any damages whatsoever in this action and its general denial of the allegations in the Petition.

*Lilly USA, LLC,* 488 Fed. App'x 161, 162 (8th Cir. 2012); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added).

20. In addition to the various categories of compensatory damages a plaintiff seeks, including damages for emotional distress, this Court may also consider attorneys' fees and punitive damages that may be awarded under the MHRA, *see* MO. REV. STAT. § 213.111, in establishing the $75,000 amount in controversy. *See, e.g.*, *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that punitive damages and statutory attorneys' fees count toward the jurisdictional minimum for diversity jurisdiction).

21. In this action, Plaintiff seeks actual damages, including, but not limited to: lost past and future income and employee benefits. (Ex. 1, Petition, ¶ 70.)

22. Plaintiff further seeks garden variety emotional distress damages such as humiliation, mental distress, harm to reputation and severe career disruption. (*Id.*)

23. Plaintiff also seeks punitive damages from Defendant. (*Id.*, ¶ 71.)

24. Plaintiff further seeks to recover her costs, including reasonable attorneys' fees. (*Id.*, ¶ 72.)

25. When Plaintiff's claimed compensatory damages, including lost wages, salary, and benefits, are combined with her claims for punitive damages, and attorneys' fees, there is no question that the amount in controversy in this action exceeds $75,000. *See, e.g.*, *Miller v. CEVA Logistics*, No. 07-0644-CV-W-FJG, 2008 WL 130847, at *2 (W.D. Mo. Jan. 10, 2008) (holding that a claim of lost wages by an employee earning $11.75 per hour combined with his claimed damages for emotional distress, punitive damages, and attorneys' fees "could easily lead to a damage award greater than $75,000" even though the plaintiff filed an affidavit stating his damages were less than $75,000); *Walker v. Lanoga Corp.*, No. 06-0148CV-W-FJG, 2006 WL 1594451, at

*2 (W.D. Mo. June 9, 2006) (determining that the defendant had adequately established that the amount in controversy would exceed the jurisdictional minimum when the damages for lost wages were combined with other alleged damages, including damages for emotional distress).

26. One of the bases of Plaintiff's claims is her allegation that Lowe's terminated her employment because of her sex and/or in retaliation for purportedly engaging in protected activity. (*See generally,* Ex. 1, Petition.) Plaintiff was paid at the annualized rate of $26,956.80, or $12.96 per hour, at the time her employment with Lowe's was terminated on or about June 12, 2020. (Ridley Decl., Ex. 2, ¶ 8.) Thus, Plaintiff's lost wages from June 12, 2020 to present could amount to $31,622.40 ($12.96 x 40 hours per week x 61 weeks). And, assuming a trial eighteen (18) months from today, her lost wages could total $72,057.60 ($12.96 x 40 hours per week x 139 weeks).

27. Plaintiff's claimed damages do not stop at lost wages, however. Plaintiff also seeks the equitable relief of future lost wages. (Ex. 1, Petition, ¶ 70.) Courts in the Eighth Circuit have awarded front pay for as long as eight years and eight months from the date of verdict. *See Sellers v. Mineta*, 358 F.3d 1058, 1066 (8th Cir. 2004); *see also Cooper v. Scripps Media, Inc.*, No. 17-0041-CV-W-BP, 2019 WL 2617822, at *3 (W.D. Mo. June 26, 2019) (two years); *Folz v. Marriott Corp.*, 594 F. Supp. 1007, 1018-19 (W.D. Mo. 1984) (seven years). Thus, Plaintiff's potential award of front pay could amount to as much as $233,280 (current wage of $12.96 x 40 hours per week x 450 weeks).

28. Plaintiff also seeks damages for lost employment benefits. (Ex. 1, Petition, ¶ 70.) During her employment, Plaintiff was eligible for standard company benefits, including health, vision, and dental insurance as well as a flexible health spending account, 401(k) plan, short term and long term disability insurance, and supplemental life insurance. (Ridley Decl., Ex. 2, ¶ 7.)

29. Here, if Plaintiff's claim for lost benefits is conservatively valued at 20% of her lost wages, her lost benefits from the end of her employment through the date of trial could amount to approximately $14,411.52.

30. Plaintiff also claims that she is entitled to punitive damages. (Ex. 1, Petition, ¶ 71.) Although her Petition makes no effort to quantify these elements of her alleged damages, and again without conceding the point, Lowe's notes that Missouri juries certainly have awarded sums sufficient to put Plaintiff's claims well over the $75,000 threshold on a punitive damage claim *alone*. *See Brill v. Burton Creek Mgmt. Corp.,* No. 6:99-cv-3097, 2000 WL 1672187 (W.D. Mo. May. 1, 2000) (entering judgment on jury verdict of $300,000 in punitive damages on a Title VII claim); *Miller v. Am. Family*, No. 1416-CV02573, 2016 WL 8315313 (Mo. Cir. Ct. Dec. 15, 2016) (awarding a plaintiff $20,000,000 in punitive damages on her claims of sex and age discrimination under the MHRA); *Gentry v. Orkin LLC*, No. 1416-CV16259, 2016 WL 8315309 (Mo. Cir. Ct. Dec. 15, 2016) (awarding plaintiff $10,000,000 in punitive damages on a MHRA claim); *McClurg v. Mo. Highway and Transp. Comm'n*, No. 13BUCV03069, 2014 WL 8843699 (Mo. Cir. Ct. Dec. 12, 2014) (awarding a plaintiff $500,000 in punitive damages on a claim of sex discrimination under the MHRA); *McGhee v. Schreiber Foods*, *Inc.*, No. 10HE-CC00079, 2015 WL 1887835 (Mo. Cir. Ct. Feb. 16, 2015) (awarding a plaintiff $350,000 in punitive damages on a claim of age discrimination under the MHRA).[2]

31. Plaintiff also seeks emotional distress damages and attorneys' fees that are appropriate to include in the amount in controversy calculation. *Miller v. Ceva Logistics*, No. 07-

---

[2] These cases are cited only for the proposition that an award of punitive damages, to which Lowe's contends Plaintiff is not entitled, can exceed the $75,000 threshold. The Missouri Human Rights Act was amended in 2017 to institute a cap on damages, including punitive damages, to no more than $500,000 (plus actual back pay) for an employer of Lowe's size. *See* MO. REV. STAT. § 213.111. This cap applies to Plaintiff's allegations.

cv-0644, 2008 WL 130847 (W.D. Mo. Jan. 10, 2008); *Hudson v. United Sys. of Ark.,* 709 F.3d 700 (8th Cir. 2013) (affirming an award of $100,000 in emotional distress damages); *Rowe v. Hussman Corp.*, 381 F.3d 775 (8th Cir. 2004) (affirming an award of $500,000 in emotional distress damages); *Jarrett v. Henkel Corp.*, No. 4:15-cv-0832DGK, 2016 WL 409819 (W.D. Mo. Feb. 2, 2016) (denying a plaintiff's motion to remand where an award for lost wages and attorneys' fees combined would likely exceed the jurisdictional limit).

32. Further illustrating that Plaintiff's claimed damages will exceed $75,000, the undersigned can attest that Plaintiff will seek substantial damages greater than $75,000 based on his nearly 20 years of experience in handling claims of discrimination brought against employers. (Declaration of Brian P. Pezza, attached hereto as Exhibit 3.)

33. When Plaintiff's claimed compensatory damages are combined with her claims for punitive damages and attorneys' fees, there is no question the amount in controversy in this action exceeds $75,000. Removal is appropriate in this case.

34. Therefore, even if Plaintiff's actual damages do not exceed $75,000, it is clear that the finder of fact could potentially award well in excess of the $75,000 threshold.

**CONCLUSION**

35. Plaintiff is a citizen of Missouri, and Defendant is a citizen of North Carolina. Plaintiff seeks to recover lost compensation and benefits, front pay, non-economic damages such as career disruption, pain and suffering, mental anguish, embarrassment, and emotional distress, punitive damages, and attorneys' fees that exceed the jurisdictional minimum of $75,000. Removal to this Court is therefore proper under diversity of jurisdiction.

WHEREFORE, Defendant Lowe's removes this case to the United States District Court for the Western District of Missouri, respectfully requests that no further proceedings be had in

the Circuit Court in Cass County, Missouri, and prays for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

DATED: August 12, 2021     By:     /s/ Brian P. Pezza
Brian P. Pezza #60590MO
Thomas P. Berra, Jr. #43399MO
Sarah L. White #71102MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: (314) 612-1352
tberra@lewisrice.com
bpezza@lewisrice.com
swhite@lewisrice.com

*Attorneys for Defendant Lowe's Home Centers, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and served via the Court's electronic filing system on this 12th day of August, 2021 to:

Anne Schiavone
Tiffany B. Klosener
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
Phone: (816) 283-8738
Facsimile: (816) 283-8739
aschiavone@hslawllc.com
tklosener@hslawllc.com

*Attorneys for Plaintiff Holly Ruth*

/s/ Brian P. Pezza