# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print                                                                 Logon

**21CA-CC00142 - HOLLY RUTH V LOWES HOME CENTERS, LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Sort Date Entries:  ● Descending  ○ Ascending          Display Options: All Entries

---

**07/26/2021**     **Corporation Served**
Document ID - 21-SMCC-428; Served To - LOWE'S HOME CENTERS LLC; Server - ; Served Date - 14-JUL-21; Served Time - 14:02:00; Service Type - Special Process Server; Reason Description - Served

**Notice of Service**
ROS and Affidavit Lowes Home Centers LLC; Electronic Filing Certificate of Service.
   **Filed By:** TIFFANY BASANTZ KLOSENER
   **On Behalf Of:** HOLLY J RUTH

**07/13/2021**     **Summons Issued-Circuit**
Document ID: 21-SMCC-428, for LOWE'S HOME CENTERS LLC. Summons saved and attached in PDF form for the Attorney to retrieve from Secure Case.net.

**Order - Special Process Server**

**07/12/2021**     **Entry of Appearance Filed**
EOA Anne Schiavone.
   **Filed By:** ANNE WIESE SCHIAVONE
   **On Behalf Of:** HOLLY J RUTH

**Filing Info Sheet eFiling**
   **Filed By:** TIFFANY BASANTZ KLOSENER

**Request Filed**
Request for Summons.
   **Filed By:** TIFFANY BASANTZ KLOSENER
   **On Behalf Of:** HOLLY J RUTH

**Proposed Order Filed**
Proposed Order for Appointment of Private Process Server.
   **Filed By:** TIFFANY BASANTZ KLOSENER

**Motion Special Process Server**
Motion for Appointment of Private Process Server.
   **Filed By:** TIFFANY BASANTZ KLOSENER

**Pet Filed in Circuit Ct**
Petition; Exhibit A-COD; Exhibit B-RTS.
   **Filed By:** TIFFANY BASANTZ KLOSENER

**Judge Assigned**

Exhibit 1

**IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI**
**SEVENTEETH JUDICIAL CIRCUIT COURT**

| | |
|---|---|
| HOLLY RUTH | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| | ) |
| LOWE'S HOME CENTERS, LLC | ) |
| Serve Registered Agent: | ) |
| CSC Lawyers Incorporating Service | ) JURY TRIAL DEMANDED |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Holly Ruth, by and through her attorneys of record, and states and alleges the following for her Petition for Damages against Defendant Lowe's Home Centers, LLC.

**INTRODUCTION**

1. The claims in this Petition arise out of Plaintiff's employment relationshipwith Defendant Lowe's Home Centers, LLC.

2. Plaintiff was subjected to unlawful discrimination and retaliation inviolation of the Missouri Human Rights Act ("MHRA").

3. Defendant did not compensate Plaintiff equally, as compared to its similarly situated male employees, in violation of the Missouri Equal Pay Act, R.S.Mo. § 290.400 et seq.

4. Plaintiff seeks compensatory and punitive damages, costs, and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Holly Ruth is a female resident and citizen of Cass County, Missouri.

6. Plaintiff was employed by Lowe's Home Centers, LLC from approximately May

15, 2018, until she was fired on or about June 12, 2020.

7. Defendant Lowe's Home Centers, LLC ("Lowe's") is a foreign corporation that is authorized to do business in Missouri.

8. At all times relevant to the facts alleged herein, Lowe's employed more than six persons in the State of Missouri.

9. Lowe's owns, operates, manages, and/or maintains a place of business in Cass County, Missouri.

10. Lowe's place of business, at which Plaintiff worked during her employment, is located at 225 Dean Avenue, Raymore, Missouri 64083, which is in Cass County, Missouri.

11. Defendant Lowe's is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

12. Defendant Lowe's at all times relevant hereto, is and has been an "employer" within the meaning of the Missouri Human Rights Act ("MHRA"), § 213.010, et seq., RSMo.

## JURISDICTION AND VENUE

13. The unlawful and discriminatory acts complained of herein occurred in Cass County, Missouri, making this Court an appropriate forum.

14. Defendant Lowe's is subject to personal jurisdiction in this Court because it is a corporation which does ongoing, continuous, and substantial business in the State of Missouri.

## ADMINISTRATIVE PROCEDURES

15. On August 25, 2020, Plaintiff timely filed a Charge of Discrimination against the

Defendant named herein with the Missouri Commission on Human Rights ("MCHR"). The Charge was assigned the number E08/20-52366; 28E 2020-01036c. A copy is attached hereto as Exhibit A and is incorporated herein by reference.

16. On June 7, 2021, the MCHR issued Plaintiff a Notice of Right to Sue based on her Charge. A copy of the Notice is attached hereto as Exhibit B and is incorporated herein by reference.

17. This action has been filed within ninety (90) days of the MCHR's issuance of the right to sue notice attached as Exhibit B.

18. No Defendant filed a petition with any Court in Missouri challenging the MCHR's issuance of the Notice of Right to Sue attached as Exhibit B.

## FACTUAL ALLEGATIONS

19. Lowe's operates a place of business in Raymore, Missouri, in Cass County.

20. Plaintiff worked for Defendant Lowe's at its Raymore, Missouri location for approximately 25 months.

21. Plaintiff began her employment as a Receiving Associate.

22. In December 2018, approximately six months after being hired, Plaintiff received Lowe's Service Award for going above and beyond the job duties required of her.

23. On or about April 15, 2019, Ruth was offered and accepted a promotion to Merchandising Associate ("MST").

24. Almost immediately after joining the MST team, Ruth began noticing that she was being treated differently and less favorably than the male employees.

25. For example, Plaintiff was given written notice about absences. Almost all of the incidents noted in the write up occurred prior to Ruth joining the MST team and, per company

Electronically Filed - Cass - July 12, 2021 - 04:10 PM

policy, should not have been considered in her write up.

26. Ruth also noticed that the male employees on her team were being offered overtime and she was not being given the same opportunities.

27. In approximately July 2019, Ruth complained to her then supervisor, Jacob Streeter, about not being offered overtime. Streeter told Ruth that her performance was lacking and she wasn't working fast enough.

28. Streeter had never complained to Ruth about her performance or ability in her job as an MST until she complained to him about not being offered overtime.

29. Immediately thereafter, Ruth filed a complaint with Lowe's Human Resources about Streeter showing favoritism for men over women and for retaliation for complaining about discrimination and favoritism.

30. One week later, Streeter told Ruth that she needed to change her negative attitude and documentation of her attitude would be going into her file.

31. Ruth told Streeter that she disagreed with the allegations made about her and that she believed this was further retaliation against her.

32. Ruth was then told that she was on final warning and any further problems with her would result in her termination.

33. In approximately September 2019, Streeter's employment with Defendant ended and Jacob Edwards became Ruth's supervisor.

34. From September through December 2019, the MST position at Defendant's Raymore, MO, store began experiencing a high rate of employee turnover significantly increasing the workload of the MST employees.

35. In approximately late September 2019, Ruth expressed concerns to Edwards and

to Sara Pryor, Defendant's regional supervisor, about the increased workload. Ruth also complained that even though she had been in the position for six months, she was receiving less compensation and was unable to be fully trained since the male employees were provided overtime opportunities and reset projects over her.

36. Edwards and Pryor told Ruth that she would be considered for reset projects but would have to prove herself first.

37. In approximately October 2019, Ruth was given the opportunity to perform set up for a holiday display. This was the first opportunity that Ruth had to work with anyone new on the team or to work with Pryor.

38. After working with Ruth, Pryor said that she did not know what Streeter and Edwards had against Ruth as she found Ruth to be hard working and efficient and had judged her unfairly based on what Streeter had told her about Ruth.

39. From December through June 2020, Defendant hired several new MST's whom Ruth was responsible for training.

40. When the newly hired male employees complained to Ruth about their pay and asked Ruth to go over their time sheets and paystubs with them, Ruth learned that she was the lowest paid MST on the team.

41. At that time, Ruth was doing all the training and was the only MST with an equipment license, even though all MSTs were supposed to get their equipment license within a few months of hire.

42. Because Ruth was the only MST who had in fact met this requirement, Ruth was responsible for lifting heavy items and doing physically demanding work while the male MSTs were not required to do the same.

43. In March 2020, after learning she was being paid less than the male MSTs, Ruth emailed Edwards about her compensation. Edwards called Ruth in response to her email and told Ruth that even though her performance had improved, she was still on final warning.

44. Ruth was unaware that she was on any warning as she had not received any write ups or even informal discussion about her performance other than the retaliatory write up by Streeter concerning Ruth's alleged negative attitude approximately eight months prior.

45. Edwards also told Ruth that he did not want to go outside the normal processes to request a raise for someone like Ruth. Edwards told Ruth to wait until April when she would have her annual review to further discuss any raise.

46. On or about April 20, 2020, Ruth contacted Edwards asking for the guidelines in determining compensation for the MST position.

47. In response, Edwards told Ruth that she would not be getting a raise.

48. Ruth told Edwards that the difference in pay was unfair and that she was being treated unfairly because she was female.

49. The following day, Ruth filed a complaint with Defendant's Human Resources department stating that she was being treated unfairly and was being underpaid in comparison to the male MSTs.

50. Ruth also told Edwards that she had filed a complaint with Human Resources.

51. The next day Edwards called Ruth and asked her to provide a statement about her being loud and cursing in the training room. Ruth told Edwards that she did not know what he was talking about and followed up with an email to Edwards stating that Edwards' request for a statement was in retaliation for Ruth filing a complaint with Human Resources.

52. The only incident Ruth could recall that Edwards might have been referring to was

6

Case 4:21-cv-00573-BCW   Document 1-1   Filed 08/12/21   Page 7 of 17

a private conversation Ruth had with a female employee during which Ruth stated that her pay was unfair in comparison to the male employees and that she was tired of being the only MST who has to do the crap, grunt work. Ruth was not loud, nor did she curse during that private conversation.

53. In fact, Ruth's conversation with the female employee was in stark contrast to the conversation a male MST had with the store manager during which the male MST shouted numerous curse words and exhibited insubordinate behavior toward the manager. The male employee was not reprimanded in any way.

54. On or about May 1, 2020, Latanya Ezell, a representative from Defendant's Human Resources department, contacted Ruth and told her that she was not being targeted because of her gender and that her pay was in line with her position.

55. On or about May 7, 2020. through May 21, 2020, Ruth took approved leave from Lowe's because she was unable to get childcare for her children due to the pandemic.

56. On June 12, 2020, Ruth was terminated from Lowe's.

57. Defendant has engaged in a pattern and practice of discrimination based on sex.

58. Defendant has engaged in an ongoing, pattern and practice of sex discrimination/harassment unequal pay, and retaliation against Plaintiff.

59. The sex discrimination, relation and wrongful termination Plaintiff experienced has caused, and may continue to cause, lost wages and emotional distress.

60. As a result of the discrimination and retaliation to which Defendant has subjected Plaintiff, Plaintiff has suffered and may continue to suffer damages, including but not limited to lost wages, lost benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, pain and suffering, emotional distress, humiliation, upset, damage to her

7

Case 4:21-cv-00573-BCW   Document 1-1   Filed 08/12/21   Page 8 of 17

reputation, diminished job opportunities, deprivation of civil rights, and in other respects.

## COUNT I
## MHRA – R.S.Mo. § 213.010 et seq.
## Sex Discrimination and Retaliation

61. Plaintiff incorporates by reference the allegations in every other paragraphset forth in this Petition.

62. During the course and scope of Plaintiff's employment, Defendant engaged in a pattern and practice of intentional discrimination of Plaintiff based on her sex and retaliated against Plaintiff, in violation of the MHRA.

63. By reason of Plaintiff's sex, Defendant discriminated against Plaintiff in ways including but not limited to those previously alleged herein in violation of the MHRA.

64. Plaintiff complained to Defendant of the discrimination to which she was being subjected and Plaintiff filed charges of discrimination with the EEOC and Missouri Commission on Human Rights.

65. Plaintiff's complaints of sex discrimination constituted a legally protected activity under the MHRA.

66. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff in ways including but not limited to those previously alleged herein including Defendant disciplining Plaintiff, preventing her from the same training and overtime opportunities as male employees, and terminating her.

67. The actions of Defendant, as noted above, have been continuously discriminatory and retaliatory, arbitrary and capricious, and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute unlawful employment practices in violation of the MHRA.

68. The actions of Defendant were outrageous, calculated toward Plaintiff, or were in reckless disregard of Plaintiff's statutory rights, and as such, constituted violations of the MHRA.

69. Plaintiff has been substantially monetarily damaged by Defendant's unlawful employment practices, including its violation of the MHRA.

70. As a direct and proximate result of Defendant's unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including, but not limited to: lost past and future income and employee benefits, humiliation, mental distress, harm to reputation and severe career disruption, plus other pecuniary and non-pecuniary actual damages, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery of comparative data regarding earnings and benefits paid to other employees who remained employed and performed Plaintiff's duties after Plaintiff's termination.

71. Plaintiff also is entitled to punitive damages in such amount as the jury deems fair, reasonable and sufficient to punish Defendant and to deter this Defendant and others from like conduct.

72. Under the MHRA, if Plaintiff prevails, she is entitled to recover all her costs incurred herein, including reasonable attorney's fees and all other costs and expenses of litigation.

73. Plaintiff also seeks prejudgment interest on all actual damages found by the jury to be due and owing through date of trial.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding plaintiff all actual damages and losses shown in evidence, and determined by the jury to be fair and reasonable, for prejudgment interest, for punitive damages, for attorney's fees and expenses, and for all other damages and costs incurred and for such other relief as the Court deems proper.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

*Respectfully Submitted,*

**HOLMAN SCHIAVONE, LLC**

By: /s/ *Tiffany B. Klosener*
Anne Schiavone, MO Bar #49349
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
Email: aschiavone@hslawllc.com
Email: tklosener@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI
SEVENTEETH JUDICIAL CIRCUIT COURT

| | | |
|---|---|---|
| **HOLLY RUTH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No.: |
| | ) | |
| **LOWE'S HOME CENTERS, LLC** | ) | |
| **Serve Registered Agent:** | ) | |
| **CSC Lawyers Incorporating Service** | ) | **JURY TRIAL DEMANDED** |
| **221 Bolivar Street** | ) | |
| **Jefferson City, MO 65101** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW, Plaintiff by and through her undersigned counsel hereby moves for the appointment of David Roberts of HPS Service & Investigations to serve Defendant Lowe's Home Centers, LLC. In support of this Motion, Plaintiff states that David Roberts has no interest in the above action, and is of legal age to perform this service.

*Respectfully Submitted,*

**HOLMAN SCHIAVONE, LLC**

By:/s/*Tiffany B. Klosener*
Anne Schiavone, MO Bar #49349
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
Email: aschiavone@hslawllc.com
Email: tklosener@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI
SEVENTEETH JUDICIAL CIRCUIT COURT

| | | |
|---|---|---|
| HOLLY RUTH | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No.: |
| | ) | |
| LOWE'S HOME CENTERS, LLC | ) | |
| Serve Registered Agent: | ) | |
| CSC Lawyers Incorporating Service | ) | JURY TRIAL DEMANDED |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and HPS Process Service & Investigations is hereby appointed to serve Defendant Lowe's Home Centers, LLC in the above captioned matter.

DATE

JUDGE OR CLERK OF THE COURT

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI
SEVENTEETH JUDICIAL CIRCUIT COURT

| | |
|---|---|
| HOLLY RUTH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| LOWE'S HOME CENTERS, LLC ) | |
| Serve Registered Agent: ) | |
| CSC Lawyers Incorporating Service ) | **JURY TRIAL DEMANDED** |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REQUEST FOR SUMMONS

COMES NOW Plaintiff, Holly Ruth, respectfully requests the Court issue a Summons for defendant Lowe's Home Centers, LLC.

*Respectfully Submitted,*

**HOLMAN SCHIAVONE, LLC**

By:/s/*Tiffany B. Klosener*
Anne Schiavone, MO Bar #49349
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
Email: aschiavone@hslawllc.com
Email: tklosener@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI
SEVENTEETH JUDICIAL CIRCUIT COURT

| | | |
|---|---|---|
| HOLLY RUTH | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No.: |
| | ) | |
| LOWE'S HOME CENTERS, LLC | ) | |
| Serve Registered Agent: | ) | |
| CSC Lawyers Incorporating Service | ) | **JURY TRIAL DEMANDED** |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ENTRY OF APPEARANCE

COMES NOW, Anne Schiavone, of HOLMAN SCHIAVONE, LLC, and hereby enters her appearance on behalf of plaintiff Holly Ruth in the above-captioned matter.

*Respectfully Submitted,*

**HOLMAN SCHIAVONE, LLC**

By:*/s/Anne Schiavone*
Anne Schiavone, MO Bar #49349
Tiffany B. Klosener, MO Bar #47078
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
Email: aschiavone@hslawllc.com
Email: tklosener@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF CASS COUNTY, MISSOURI
SEVENTEETH JUDICIAL CIRCUIT COURT

**FILED**
**Cass County**
**Circuit Court**
**7/13/2021, 10:39 AM**

| | |
|---|---|
| **HOLLY RUTH** )  )  **Plaintiff,** )  ) v. ) **Case No.:**  ) **LOWE'S HOME CENTERS, LLC** )  **Serve Registered Agent:** )  **CSC Lawyers Incorporating Service** ) **JURY TRIAL DEMANDED** **221 Bolivar Street** )  **Jefferson City, MO 65101** )  )  **Defendant.** )  ) | |

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and HPS Process Service & Investigations is hereby appointed to serve Defendant Lowe's Home Centers, LLC in the above captioned matter.

/s/ Kim York, Circuit Clerk, 7/13/2021, 10:39 AM

DATE                                              JUDGE OR CLERK OF THE COURT



# IN THE 17TH JUDICIAL CIRCUIT, CASS COUNTY, MISSOURI

| Judge or Division:<br>R. MICHAEL WAGNER | Case Number: 21CA-CC00142 |
|---|---|
| Plaintiff/Petitioner:<br>HOLLY J RUTH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TIFFANY BASANTZ KLOSENER<br>5914 NE RUBY DR<br>LEES SUMMIT, MO 64064 |
| Defendant/Respondent:<br>LOWE'S HOME CENTERS LLC | Court Address:<br>Cass County Justice Center<br>2501 West Mechanic<br>HARRISONVILLE, MO 64701 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** LOWE'S HOME CENTERS LLC
**Alias:**
CSC LAWYERS INC
221 BOLIVAR
JEFFERSON CITY, MO 65101

**COURT SEAL OF CASS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____ /s/ Kim York, Circuit Clerk, 7/13/2021, 10:47 AM _____
Date                                                                                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                                _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____           _____
                                    Date                                    Notary Public

**Sheriff's Fees, if applicable**
Summons                                       $_____
Non Est                                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $_____10.00_____
Mileage                                         $_____ (_____ miles @ $._____ per mile)
**Total**                                       $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 21-SMCC-428   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00573-BCW   Document 1-1   Filed 08/12/21   Page 17 of 17